■ BRIAN STANKEY, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Appellants. [15 NYS3d 48]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about January 31, 2014, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240 (1) and 241 (6) claims, and denied defendants' cross motion for summary judgment dismissing those claims, unanimously affirmed, without costs.

Labor Law § 240 (1) requires owners and general contractors to provide safety devices to protect workers from elevation-related hazards (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). Plaintiff's alleged injury was sustained while using a ladder to hang tarps at the World Trade Center construction site. His alleged injuries occurred while he was on the top half of an extension ladder approximately 14 feet off the ground. Thus, plaintiff's work falls squarely within the scope of an elevation-related hazard protected under Labor Law § 240 (1).

We find that the motion court properly determined that plaintiff established a prima facie entitlement to judgment as a matter of law under Labor Law § 240 (1). Plaintiff presented evidence establishing that defendants did not provide "proper protection" within the meaning of Labor Law § 240 (1). The record indicates that plaintiff "only saw the extension ladder" in the area where he was working. There was no scaffolding available to plaintiff. Plaintiff was not wearing a safety harness, and there was no appropriate anchor point to tie off the ladder.

We reject defendants' assertion that plaintiff's conduct was the sole proximate cause of his injuries. Plaintiff's knowing use of half of the extension ladder without proper rubber footings goes to his culpable conduct and comparative negligence. Comparative negligence is not a defense to a claim based on Labor Law § 240 (1), where, as here, defendants failed to provide adequate safety devices (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]). Further, defendants failed to show that plaintiff refused to use the safety devices that were provided to him.

Defendants failed to raise a triable issue of fact as to its duty under Labor Law § 240 (1) as it applies to owners, contractors, and their agents. The record establishes that defendants, as statutory agents of the owner, even if not general contractors,

maintained sufficient control over plaintiff's work to be subject to liability under Labor Law §§ 240 (1) and 241 (6) (*see Walls v Turner Constr. Co.*, 4 NY3d 861 [2005]).

The motion court correctly granted summary judgment as to plaintiff's Labor Law § 241 (6) claim given the undisputed facts that plaintiff found an extension ladder separated into two pieces, and used the top half of the ladder, which did not have any ladder footings. Accordingly, plaintiff established violations of the Industrial Code provisions upon which he relied (*see* 12 NYCRR 23-1.21 [b] [3], [4]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.