Sotarriba v 346 W. 17th St. LLC (2020 NY Slip Op 00545)





Sotarriba v 346 W. 17th St. LLC


2020 NY Slip Op 00545


Decided on January 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2020

Friedman, J.P., Webber, Kern, González, JJ.


10900 113027/11

[*1] Abel Sotarriba, Plaintiff-Respondent-Appellant,
v
346 West 17th Street LLC, et al., Defendants-Respondents-Appellants.
346 West 17th Street LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Sigma Electric, Inc., Third-Party Defendant-Respondent-Appellant
Sigma Electric, Inc., Second Third-Party Plaintiff-Respondent-Appellant.
v
Technetek Ltd., Second Third-Party Defendant-Appellant-Respondent.


Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Abel Sotarriba, respondent-appellant.
Ahmuty Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for 346 West 17th Street LLC, Northquay Properties, LLC and McGowan Builders, Inc., respondents-appellants.
Litchfield Cavo LLP, New York (Nadia Del Toro of counsel), for Sigma Electric, Inc., respondent-appellant.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered March 7, 2019, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, granted defendants' motion for summary judgment dismissing the Labor Law §§ 200 and 241(6) and common-law negligence claims, granted third-party defendant's (Sigma) motion for summary judgment dismissing the third-party complaint, and denied second third-party defendant's (Technetek) motion for summary judgment dismissing the second third-party complaint and all cross claims against it, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241(6) claim insofar as it is predicated on Industrial Code § 23-1.7(b)(1) and as to the Labor Law § 200 and common-law negligence claims as against defendant McGowan Builders Inc. (McGowan), and to grant Technetek's motion, and otherwise affirmed, without costs.
Plaintiff, an electrical worker on a construction site, sustained serious injuries, including traumatic brain injuries, when he fell through an unprotected stairwell opening from the third floor to the second floor of the building in which he was working and struck the concrete floor.
The court correctly granted plaintiff summary judgment as to liability on the Labor Law § 240(1) claim. Regardless of whether plaintiff fell off a ladder, as he claims, or lost his balance while climbing over a four-foot-high barricade blocking access to the stairwell, as defendants contend, he was not provided with adequate protection to prevent his fall into the unguarded stairwell opening (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 191 [1st Dept 2011]; Leconte v 80 E. End Owners Corp., 80 AD3d 669, 671 [2d Dept 2011]). Contrary to defendants' contention, plaintiff was not the sole proximate cause of his injuries in their version of the facts. Even if plaintiff were negligent for choosing to climb over the barricade, his negligence would only raise an issue as to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (Stolt v General Foods Corp., 81 NY2d 918 [1993]; Stankey v Tishman Constr. Corp. of N.Y., 131 AD3d 430 [1st Dept 2015]).
The Labor Law § 241(6) claim should not be dismissed insofar as it is predicated on Industrial Code (12 NYCRR) § 23-1.7(b)(1). The stairwell opening constitutes a "hazardous opening" within the meaning of that regulation (see Messina v City of New York, 300 AD2d 121, 123 [1st Dept 2002]). 12 NYCRR 23-1.7(f) is inapplicable because the subject stairway was not being used as a "means of access" to the work areas, and 12 NYCRR 23-1.22(c) is inapplicable because the stairwell was not a platform "used to transport vehicular and/or pedestrian traffic" (Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 338 [1st Dept 2006]).
The Labor Law § 200 and common-law negligence claims should not be dismissed against defendant McGowan. Plaintiff's accident was the result of a lack of proper fall protection, i.e., his injuries were caused by the manner and means of the work, and McGowan, the general contractor, is liable for those injuries if it exercised supervisory control over the work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). While the record demonstrates that McGowan had no authority to exercise supervisory control over plaintiff's use of the ladder, it presents an issue of fact as to whether McGowan had such authority over the proper barricading of the stairwell. The fact that Technetek was charged with installing and maintaining the barricades does not necessarily mean that McGowan lacked that authority (see Ross v Curtis—Palmer Hydro—Elec. Co., 81 NY2d 494, 505-506 [1993]).
The court correctly dismissed defendants' claims for contribution and common-law indemnification against Sigma. Its finding that plaintiff did not sustain a "grave injury" under Workers' Compensation Law § 11 necessarily precludes defendants from arguing at trial that plaintiff sustained "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (id.). The medical evidence supports the finding that there was no "grave injury," including a "total permanent disability." Indeed, plaintiff's own treating physicians did not find "unemployability in any capacity" (Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004] [emphasis deleted]).
Technetek is entitled to the summary dismissal of Sigma's claims and defendants' cross claims for contribution and common-law indemnification against it, because there is no basis on which to impose tort liability against it in favor of plaintiff (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). The record presents no issues of fact as to whether Technetek negligently created or exacerbated a dangerous condition so as to have launched a force or instrument of harm (see id. at 141-142). Although Technetek was responsible for the installation and maintenance of barricades, the barricades were meant to serve as a visual warning that the stairwell was off-limits, not as a fall prevention device. Thus, Technetek did what it was contractually required to do by erecting the barricade. Plaintiff's injuring himself while climbing over it does not raise an issue of fact as to whether Technetek caused, created, or exacerbated a dangerous condition (see Miller v City of New York, 100 AD3d 561, 561 [1st Dept 2012]; Rodriquez v E & P Assoc., 71 AD3d 405 [1st Dept 2010]). To the extent plaintiff claims, in his version of the facts, that no barrier was in place at the time of his accident, any failure by Technetek to erect a barrier did not exacerbate a dangerous condition but consisted "merely in withholding a benefit . . . where inaction is at most a refusal to become an instrument for good" (Church v Callanan Indus., 99 NY2d 104, 112 [2002] [internal quotation marks omitted]).
The record also demonstrates that Technetek did not entirely displace defendants' duty to maintain the premises safely (see Espinal, 98 NY2d at 141). McGowan's project manager [*2]testified that McGowan's superintendents and foreman had the authority to address safety issues, and regularly walked the project site to inspect for safety; he also acknowledged that it was "more likely than not" McGowan that directed that barricades be erected.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 28, 2020
CLERK