Rodriguez v BSREP UA Heritage LLC (2020 NY Slip Op 02106)





Rodriguez v BSREP UA Heritage LLC


2020 NY Slip Op 02106


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11303 151770/17

[*1]Joseph Rodriguez et al., Plaintiffs-Respondents,
v
BSREP UA Heritage LLC, Defendant-Appellant.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Louise M. Cherkis of counsel), for appellant.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered September 9, 2019, which, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, granted plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim, and upon a search of the record, granted plaintiff partial summary judgment on so much of the Labor Law § 241(6) claim as was based on alleged violations of Industrial Code (12 NYCRR) § 23-1.21, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1). Plaintiff submitted his testimony, corroborated by a coworker who witnessed the accident, that plaintiff was working on a 10-foot ladder (a segment of a larger extension ladder) that suddenly slipped and tipped over, causing plaintiff to fall to the ground (see Rom v Eurostruct, Inc., 158 AD3d 570 [1st Dept 2018]; Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]). Plaintiff was not otherwise required to show that the ladder was defective (see Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574, 574-575 [1st Dept 2019]).
In opposition, defendant failed to raise an issue of fact as to whether plaintiff's conduct was the sole proximate cause of his injuries. Earlier on the day of the accident, plaintiff had seen other workers using the same ladder, which had been set up by another worker, and plaintiff's failure to secure the ladder was at most comparative negligence (see Concepcion v 333 Seventh LLC, 162 AD3d 493, 494 [1st Dept 2018]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]). "Plaintiff's failure to ask his coworkers to hold the ladder while he worked also did not constitute the sole proximate cause of the accident, since a coworker is not a safety device contemplated by the statute" (Noor v City of New York, 130 AD3d 536, 541 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016] [internal quotation marks omitted]). Furthermore, defendant's argument that plaintiff should have used a metal ladder available on the site, rather than the fiberglass ladder, is unsupported by the record (see Jarzabek v Schafer Mews Hous. Dev. Fund Corp., 160 AD3d 412 [1st Dept 2018]; Fanning, 106 AD3d at 485).
Since the court properly granted plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim, we need not reach the remaining issues raised on appeal (see Fanning, 106 AD3d at 485).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK