Sacko v New York City Hous. Auth. (2020 NY Slip Op 06729)





Sacko v New York City Hous. Auth.


2020 NY Slip Op 06729


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 157722/15 595840/15 Appeal No. 12412 Case No. 2020-1090 

[*1]Madimaro Sacko, Plaintiff-Respondent,
v
New York City Housing Authority et al., Defendants-Appellants. [And a Third-Party Action.]


O'Connor Redd Orlando LLP, Port Chester (Joseph A. Orlando of counsel), for appellants.
Budin, Reisman, Kupferberg & Bernstein, LLP, New York (Gregory C. McMahon of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 29, 2019, which, inter alia, granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1). Plaintiff's testimony established that defendants failed to provide a safety device that would ensure that the ladder he was instructed to use would remain upright while he performed his statutorily covered work, and that he fell off of the ladder when the ladder suddenly shifted and collapsed (see Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020]; Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574, 574 [1st Dept 2019]). Plaintiff was not required to show that the ladder was defective (see Rodriguez at 538).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff's conduct was the sole proximate cause of his injuries. Defendants presented no evidence to show that appropriate safety equipment was available to plaintiff, and that plaintiff then unreasonably chose not to use it (see Pierrakeas at 575; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]; compare Egan v Monadnock Constr., Inc., 43 AD3d 692, 693-694 [1st Dept 2007], lv denied 10 NY3d 706 [2008]). In any event, plaintiff's alleged failure to fully secure the ladder before he used it was, at most, comparative negligence, and is not sufficient to defeat plaintiff's motion (see Rodriguez at 538; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]).
Although plaintiff was the sole witness to the accident, summary judgment may still be awarded based on plaintiff's unrefuted testimony (see e.g. Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584 [1st Dept 2018]; Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409-410 [1st Dept 2013]). Any alleged discrepancies in plaintiff's testimony about his subsequent job search and what he was holding when the ladder fell are insufficient to create a question of fact where it is undisputed that the ladder collapsed and caused his injuries.
As the court properly granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim, we need not reach the issues raised on appeal concerning plaintiff's Labor Law § 241(6) claim (see Rodriguez, 181 AD3d at 538; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 12 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020