Maltese v Port of Auth. of N.Y. & N.J. (2021 NY Slip Op 06654)





Maltese v Port of Auth. of N.Y. & N.J.


2021 NY Slip Op 06654


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 22496/15E Appeal No. 14709 Case No. 2021-00472 

[*1]Antonio Maltese, et al., Plaintiffs-Respondents,
v
Port of Authority of New York and New Jersey, Defendant-Appellant, Tishman Construction Corporation, et al., Defendants. [And Other Third-Party Actions.]


London Fischer LLP, New York (Cory M. Barkoff of counsel), for appellant.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about May 18, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment as to liability on the Labor Law § 240(1) claim as against defendant Port of Authority of New York and New Jersey, unanimously affirmed, without costs.
Plaintiff Antonio Maltese (plaintiff) established prima facie that his injuries were proximately caused by a violation of Labor Law § 240(1) by testifying that he fell when an unsecured extension ladder slid and collapsed under him (see Panek v County of Albany, 99 NY2d 452, 458 [2003]; Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020]).
In opposition, defendant Port Authority failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his accident. Port Authority contends that scaffolds and manlifts were readily available on site and that plaintiff was recalcitrant in failing to use them. It points to testimony by an inspector for third-party defendant Techno Consult, Inc. and an affidavit by the millwright general foreman for the general contractor, second third-party defendant Yonkers Contracting Company, Inc. (plaintiff's employer). However, viewed in the light most favorable to Port Authority, this evidence fails to raise an issue of fact as to sole proximate causation. While the testimony and affidavit do suggest the availability of scaffolds and lifts, neither indicates that plaintiff "knew he was expected to use them but for no good reason chose not to do so" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]). The scaffold that the inspector saw was being used by the welders, not Yonkers's carpenters, and Port Authority's chief safety supervisor testified that the contractors provided their own equipment. Although the millwright general foreman's affidavit stated that scaffolds and lifts were readily available and accessible to Yonkers employees, there is no evidence that plaintiff had been instructed to use, or knew he was expected to use, them (id. at 88-89). Port Authority's contention that plaintiff, an experienced carpenter, should have been aware that he should be using scaffolding or a manlift also fails to raise an issue of fact, since Port Authority offered no evidence that using a scaffold or manlift would have been plaintiff's "'normal and logical response'" (Noor v City of New York, 130 AD3d 536, 540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]).
We have considered Port Authority's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021