Daly v Metropolitan Transp. Auth. (2022 NY Slip Op 03867)

Daly v Metropolitan Transp. Auth.

2022 NY Slip Op 03867

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 153542/17 Appeal No. 16122 Case No. 2021-01710 

[*1]Daniel Daly et al., Plaintiffs-Appellants-Respondents,
v
Metropolitan Transportation Authority et al., Defendants-Respondents-Appellants.

Sacks & Sacks LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Newman Law Associates PLLC, New York (Jon E. Newman of counsel), for respondents-appellants.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered April 28, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants' motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 240(1) claims and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.21, unanimously modified, on the law, to grant plaintiffs' motion, and otherwise affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by violations of Labor Law § 240(1) through his testimony that he was climbing up an A-frame ladder which suddenly shifted, causing him to fall to the ground along with the ladder (see Sacko v New York City Hous. Auth., 188 AD3d 546, 546-547 [1st Dept 2020]).
Defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. Regardless of the availability of an extension ladder or any other safety devices at the site, there is no admissible evidence that plaintiff knew he was expected to use any such devices (see Maltese v Port of Auth. of N.Y. & N.J., 199 AD3d 612, 613 [1st Dept 2021]; Garces v Windsor Plaza, LLC, 189 AD3d 539, 539 [1st Dept 2020]). The supplemental affidavit of the director of safety of defendant Judlau Contracting, Inc., stating that he instructed plaintiff before the accident to use an extension ladder to access a supported scaffold, creates only a feigned issue of fact by contradicting his prior deposition testimony (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 569 [1st Dept 2018]). Given that the ladder had already been set up by another worker when plaintiff arrived at the site, plaintiff's failure to secure the ladder or ensure that it was properly set up was at most comparative negligence (see Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020]; Concepcion v 333 Seventh LLC, 162 AD3d 493, 494 [1st Dept 2018]).
In light of the foregoing, we need not reach the remaining issues raised on appeal (see Rodriguez, 181 AD3d at 538).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022