Florez v 215 E. 68th St. L.P. (2022 NY Slip Op 06550)

Florez v 215 E. 68th St. L.P.

2022 NY Slip Op 06550

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 152831/18 Appeal No. 16383 Case No. 2022-01459 

[*1]Maria Florez, Plaintiff-Respondent,
v
215 East 68th Street L.P., et al., Defendants-Appellants, Otis Elevator Company, Defendant-Respondent.

Wood Smith Henning & Berman LLP, New York (Courtney G. Swartz of counsel), for appellants.
Burns & Harris, New York (Mariel Crippen of counsel), for Maria Florez, respondent.
McNamara & Horowitz LLP, Bronx (Katryna L. Kristoferson of counsel), for Otis Elevator Company, respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about March 4, 2022, which, to the extent appealed from, granted Otis Elevator Company's (Otis) motion for summary judgment dismissing the complaint as against it, granted Otis's motion for summary judgment dismissing the Rudin defendants' cross claims for contribution and common-law indemnity, denied the Rudin defendants' motion for summary judgment on their cross claims against Otis, denied the Rudin defendants' motion for summary judgment dismissing Otis's cross claims, and denied plaintiff's motion for summary judgment on liability as against Otis, unanimously affirmed, without costs.
Otis established its entitlement to summary judgment by eliminating all triable issues regarding its negligence in the service and maintenance of the elevator including any notice, actual or constructive, or any misleveling relating to the October 25, 2017 incident (see Leo v Mt. St. Michael Academy, 272 AD2d 145, 145-146 [1st Dept 2000]). Plaintiff has not appealed the trial court's determination that Otis was not negligent.
In view of plaintiff's failure to appeal and consequent inability to recover from Otis, any recovery for plaintiff will result from a showing of the Rudin defendants' negligence. Otis is therefore not obligated to indemnify or contribute to the Rudin defendants (see e.g. Ramirez v Almah, LLC, 169 AD3d 508, 509-510 [1st Dept 2019]; see also McCarthy v Turner Constr., Inc., 17 NY3d 369, 377 [2011]; Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 601 [1st Dept 2020]; People v Grasso, 53 AD3d 403, 403 [1st Dept 2008]). Rudin's arguments, largely based on its own expert, that no dangerous condition existed does not change this result. Accordingly, the Rudin defendants' cross claims for indemnification and contribution must be dismissed. Moreover, the motion court properly denied the Rudin defendants' summary judgment motion on their cross claims and their motion for summary judgment dismissing Otis's cross claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022