Melendez v 1595 Broadway LLC (2023 NY Slip Op 01747)

Melendez v 1595 Broadway LLC

2023 NY Slip Op 01747

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 30238/18E Appeal No. 17594 Case No. 2022-02061 

[*1]Andres Jamie Melendez, Plaintiff-Appellant,
v
1595 Broadway LLC, et al., Defendants-Respondents.
1595 Broadway LLC, et al., Third-Party Plaintiffs-Respondents,
v
PCC Cleaning Solutions, Inc., Third-Party Defendant-Respondent.
1595 Broadway LLC, et al., Second Third-Party Plaintiffs-Respondents,
v
SCL Services Corp., Second Third-Party Defendant.

William Schwitzer & Associates, PC, New York (Travis K. Wong of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for 1595 Broadway LLC and Triple Builders LLC, respondents.
Wade Clark Mulcahy LLP, New York (Abed Z. Bhuyan of counsel), for PCC Cleaning Solutions Inc., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 9, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim as to defendants 1595 Broadway LLC and Triple C Builders LLC, unanimously reversed, on the law, without costs, and the motion granted.
The court should have granted plaintiff partial summary judgment on his Labor Law § 240(1) claim as to property owner 1595 Broadway and general contractor Triple C Builders. Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1) by submitting his testimony that the unsecured extension ladder that he was using to descend from a sidewalk bridge slid and collapsed under him (see Maltese v Port of Auth. of N.Y. & N.J., 199 AD3d 612, 613 [1st Dept 2021]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]). Plaintiff testified that there were seven witnesses to the accident. Even if plaintiff had been the sole witness to the accident, summary judgment is not precluded, since nothing in the record refuted his account of the accident or called into question his credibility (see Valdez v City of New York, 189 AD3d 425 [1st Dept 2020]; Sacko v New York City Hous. Auth., 188 AD3d 546, 547 [1st Dept. 2020]).
In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Because the ladder was set up for use by another worker, any failure by plaintiff to check its locking mechanism or to ascertain that it was tied off amounts to comparative negligence, a defense inapplicable to a Labor Law § 240(1) claim (see Daly v Metropolitan Transp. Auth., 206 AD3d 467, 468 [1st Dept 2022]; Sacko, 188 AD3d at 547; cf. Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023 [2022]). The fact that plaintiff unhooked his harness before descending the ladder is insufficient to raise an issue of fact, in the absence of evidence that anchorage points were available for his use on his descent (see Garcia v Church of St. Joseph of the Holy Family of the City of N.Y., 146 AD3d 524, 526 [1st Dept 2017]). "Plaintiff's failure to ask his coworkers to hold the ladder while he worked also did not constitute the sole proximate cause of the accident, since a coworker is not a safety device contemplated by the statute" (Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020] [internal quotation marks omitted]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023