Brown v Tishman Constr. Corp. of N.Y. (2024 NY Slip Op 02089)

Brown v Tishman Constr. Corp. of N.Y.

2024 NY Slip Op 02089

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 154484/19 Appeal No. 1671 Case No. 2023-03230 

[*1]William Brown, Plaintiff-Appellant-Respondent,
v
Tishman Construction Corporation of New York, Defendant-Respondent-Appellant, Bop Ne LLC, Defendant-Respondent.

Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Daniel Minc of counsel), for appellant-respondent.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondent-appellant/respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered June 23, 2023, which, insofar as appealed from, denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claims, granted defendants Tishman Construction Corporation of New York and BOP NE LLC's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claims but denied their motion with respect to the Labor Law § 200 and common-law negligence claims as against Tishman, unanimously affirmed, without costs.
Plaintiff was injured at a construction project when, while attempting to step over rebar, plaintiff's coworker picked up the rebar, striking plaintiff in the shin and causing him to fall. At the time of accident, plaintiff's coworker was preparing a wall for concrete pouring by "stuffing" it with rebar, and the rebar on which plaintiff tripped was lifted during this process. Defendant BOP is the owner of the premises under construction, and defendant Tishman was the construction manager.
The court correctly dismissed plaintiff's Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1) given that plaintiff's accident occurred in an open working area, not a passageway (see DePaul v NY Brush LLC, 120 AD3d 1046, 1047 [1st Dept 2014]; Dalanna v City of New York, 308 AD2d 400, 401 [1st Dept 2003]). Industrial Code § 23-1.7(e)(2) is also inapplicable because the rebar did not constitute debris but rather was consistent with the work being performed at the construction site (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 383 [1st Dept 2007]). Plaintiff's Labor Law § 241(6) claim predicated on Industrial Code § 23-2.1(a)(1) was correctly dismissed because the rebar was not in storage but was being installed at the time of his accident (see Waitkus v Metropolitan Hous. Partners, 50 AD3d 260, 260 [1st Dept 2008]; Cody v State of New York, 82 AD3d 925, 928 [2d Dept 2011]). Since the provisions of the Industrial Code on which plaintiff relies are inapplicable to the subject accident, the "integral to the work" doctrine—a defense to an applicable violation (see e.g. Bazdaric v Almah Partners LLC, __ NY3d __, __, 2024 NY Slip Op 00847, *5 [2024] ["defendants failed to establish their [integral to the work] defense"])—is not implicated here.
Tishman was not entitled to dismissal of plaintiff's Labor Law § 200 and common-law negligence claims against it because it failed to meet its prima facie burden (see Spencer v Term Fulton Realty Corp., 183 AD3d 441, 442; see also Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599, 601 [1st Dept 2020]). Plaintiff testified that his coworker created the rebar pile for about an hour before his accident; that he and some of his other coworkers complained to the coworker about the rebar; and that after his accident occurred, Tishman's "safety guy" helped him up. As to Tishman's authority to control the injury-producing work, plaintiff testified that personnel from Tishman would on occasion tell him how to [*2]perform his work and whether he was performing it in an unsafe manner. Moreover, Tishman's representative testified that he had the authority to stop any work that he deemed to be unsafe.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024