**Rocha v Skyline Restoration, Inc.**

2024 NY Slip Op 32416(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 161153/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**                     PART                     33M

                              *Justice*

-------------------------------------------------------------------------X

IZAIAS ROCHA,

                        Plaintiff,

                  - v -

SKYLINE RESTORATION, INC.,CORNELL UNIVERSITY, THE ROCKEFELLER  INSTITUTE, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC.,MANHATTAN EYE, EAR, & THROAT HOSPITAL, NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND  CRIPPLED, MAINTAINING THE HOSPITAL FOR SPECIAL SURGERY,

                        Defendant.

-------------------------------------------------------------------------X

CORNELL UNIVERSITY, THE ROCKEFELLER INSTITUTE, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED, MAINTAINING THE HOSPITAL FOR SPECIAL SURGERY

                        Plaintiff,

                -against-

ONETEAM RESTORATION

                        Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161153/2020 |
| MOTION DATE | 06/22/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595543/2024

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for             JUDGMENT - SUMMARY        .

     Upon the foregoing documents, and after oral argument, which took place on April 23, 2024, where Julio Cesar Roman, Esq. appeared for Plaintiff Izais Rocha ("Plaintiff"), Lee D. Tarr, Esq. appeared for Defendant Skyline Restoration ("Skyline"), and Jeffrey D. Fippinger, Esq.

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**
**Motion No.  001**

**Page 1 of 7**

[* 1]

appeared for all other Defendants (collectively "Owner") Plaintiff's motion for summary judgment on his Labor Law 240(1) claim is granted. The cross-motion by Owner is denied as untimely.

## I.   Background

This is an action seeking damages for personal injuries allegedly sustained as a result of violations of New York's Labor Law (*see generally* NYSCEF Doc. 1). One Team Contractors ("One Team") employed Plaintiff as a mechanic. One Team was a subcontractor of Skyline. Skyline was hired by Owner to serve as a general contractor for a renovation project, including brick replacement and balcony restoration, at 430 E. 63rd Street, New York, New York (the "Premises").

Plaintiff was lifting a wooden frame balcony from the ground up to the second floor. Plaintiff's co-worker was expected to grab the wooden frame balcony but lost his grip. This caused the wooden frame balcony to fall on Plaintiff allegedly causing his personal injuries. Plaintiff claims there was no pulley, winch, or rope which was provided to him, nor did he see any such equipment at the worksite. He testified he asked about obtaining safety equipment earlier in the day, but he was told to "go to work." Plaintiff's co-worker that day, Wender Penha testified that he saw Plaintiff lift the wooden frame balcony to another worker and saw it fall onto the Plaintiff. Mr. Penha also testified that there were no lifting devices available. Skyline's superintendent, Cristian Estudillo testified that there was a beta max hoist onsite for lifting a variety of objects. Mr. Estudillo testified that he saw Plaintiff using a hoist in the past but could not recall Plaintiff ever being specifically told that the hoist must be used.

Plaintiff also produced an expert affidavit from Herman Silverberg, P.E. According to Mr. Silverberg, the appropriate practice for lifting the wooden frame balcony would have been to use

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**
**Motion No.  001**

**Page 2 of 7**

2 of 7

a crane or chain hoist rather than manual effort. Mr. Silverberg testified that the beta max hoist was insufficient for lifting the materials and equipment involved in Plaintiff's accident.

## II.     The Motion and Cross-Motion

### A.  Plaintiff's Motion

Plaintiff argues it is entitled to summary judgment on his Labor Law §240(1) claim because he was not provided with adequate safety devices to transport the wooden frame balcony from the first floor to the second floor. Plaintiff argues that the Defendants, as the owner and general contractor, are liable parties pursuant to §240(1).

Owner opposes and argues there is a question of material fact as to whether plaintiff had adequate safety devices available. Owner argues that a hoist was available and there is testimony that Plaintiff was instructed to use the hoist to perform his job. Skyline opposes by arguing that Plaintiff failed to establish a *prima facie* case under §240(1). Skyline also produced an affidavit from Charles C. Temple, P.E. Mr. Temple disagrees with Plaintiff's expert because there is evidence that a hoist was present and there are too many factors at play to determine whether the hoist that was present was sufficient for the work involved.

In reply, Plaintiff argues that there is no evidence that Plaintiff was ever provided with, or instructed to use, a mechanical hoisting device. Plaintiff argues that although Defendants rely on Mr. Estudillo's testimony to establish that a hoist was available, Plaintiff asserts that Mr. Estudillo never testified that the hoist was actually available to Plaintiff at the time of the accident, nor does it refute Plaintiff's testimony that he asked for hoisting equipment yet was not given any and told to get to work. Plaintiff argues there is no proof he was a recalcitrant worker because it has not been established that the safety equipment was readily available, and he was instructed to use it.

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**          **Page 3 of 7**
**Motion No. 001**

[* 3]                                                 3 of 7

### B. Owner's Cross-Motion

Owner cross-moves for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims and seeks summary judgment on its contractual defense and indemnification claims against Skyline. While Owner concedes that it's cross-motion is untimely, it argues that it can still be heard since it seeks identical relief to Plaintiff's motion. Owner argues that pursuant to the terms of its contract with Skyline, and the facts of this case, Owner is entitled to contractual indemnification. Plaintiff opposes and argues the cross-motion should be rejected as untimely. Plaintiff asserts that the cross-motion does not seek identical relief as Plaintiff's motion, and that Owner has failed to establish good cause for the late filing. Skyline joins in arguing that the motion is untimely.

### III.    Discussion

### A.    Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). As stated by the Court of Appeals, "Labor Law § 240(1) is to be construed as liberally as may be for the accomplishment of the purpose for which it was framed" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494 [1993]).

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**
**Motion No.  001**

**Page 4 of 7**

## B. Plaintiff's Motion for Partial Summary Judgment

Here, Plaintiff has met his prima facie burden of entitlement to summary judgment on his Labor Law §240(1) claim. It is undisputed that Skyline was the general contractor on the Premises and that the Owner Defendants were the statutory owners. It is further undisputed that there was ongoing construction involving balcony renovation at the Premises and that Plaintiff was actively engaged in construction.

There is no testimony contradicting Plaintiff's deposition testimony that he requested a hoist but was told to continue working. Moreover, there is no testimony from anyone stating that Plaintiff was directly told to use an available hoist on site. Further, the Penha affidavit that balcony equipment was being moved manually, with workers passing the equipment up to each other from one floor to another, and without a hoist. The uncontradicted testimony that Plaintiff was injured while handing balcony materials from one floor up to a co-worker shows that multiple workers on the site were unaware of an available hoist on the worksite and is corroborated by the Penha Affidavit (*see Iuculano v City of New York*, 214 AD3d 535 [1st Dept 2023] [people are not safety devices within the meaning of Labor Law §240(1)]; *Rodriguez v BSREP UA Heritage LLC*, 181 AD3d 537 [1st Dept 2020]).

Because there is no evidence that Plaintiff was instructed to use the hoist on site, he cannot be considered the sole proximate cause of the accident (*Gallagher v New York* Post, 14 NY3d 83 [2010]; *Jarzabek v Schafer Mews Hous. Dev. Fund Corp.*, 160 AD3d 412 [1st Dept 2018]; *Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402 [1st Dept 2013]). In fact, the Penha Affidavit which Defendants rely on explicitly states that "[Plaintiff] was new on the job" amplifying Plaintiff's argument that he was not properly instructed or provided the necessary safety devices (NYSCEF Doc. 62). Moreover, it is uncontroverted that Plaintiff requested a hoist

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**
Motion No.  001

**Page 5 of 7**

[* 5]

to use but was told by his boss to "go to work." Likewise, The Defendants' expert affidavit does not raise any material issues of fact for the purposes of a Labor Law 240(1) claim as it fails to identify any testimony indicating that Plaintiff was aware of a hoist on site and was instructed to use the hoist and controverts Plaintiff's testimony that he was instructed to work without the hoist.

While there is some evidence that the proper means to hand the wooden frame balconies would have been to disassemble them prior to moving them, this at most amounts to comparative negligence, which is no defense to a Labor Law § 240(1) claim (*Rodas-Garcia v NYC United LLC*, 225 AD3d 556 [1st Dept 2024]; *Sanchez v MC 19 East Houston LLC*, 216 AD3d 443 [1st Dept 2023]). Therefore, Plaintiff's motion for partial summary judgment on his Labor Law §240(1) claim is granted.

### C. Owner's Cross-Motion

Owner's cross-motion is not timely and no good cause has been provided for this Court to consider the motion (*Brill v City of New York*, 2 NY3d 648 [2004]). Nor does Owner seek identical relief on its cross-motion (*Filannino v Triborough Bridge and Tunnel Auth.*, 34 AD3d 280 [1st Dept 2006]). The First Department addressed the issue squarely in *Filannino*, where a cross-movant made an untimely cross-motion seeking adjudication of Plaintiff's Labor Law § 200 and §241(6) claims while Plaintiff moved on his Labor Law §240(1) claim. The First Department found that because the relief sought by both parties dealt with distinct sections of the Labor Law, the cross-motion did not seek identical relief, nor could the Court search the record related to causes of action which were not the subject of the timely motion (*id.* at 281 citing *Dunham v Hilco Constr. Co., Inc.*, 89 NY2d 425 [1996]). Moreover, Owner seeks summary judgment on its contractual indemnification cross-claims which are wholly unrelated to the relief Plaintiff seeks.

161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.
Motion No. 001

Page 6 of 7

[* 6]

Thus, absent any showing of good cause, there is no basis for the Court to consider Owner's untimely cross-motion.

Accordingly, it is hereby,

ORDERED that Plaintiff Izaias Rocha is granted summary judgment as to liability on his Labor Law § 240(1) cause of action against Defendants; and it is further

ORDERED that Defendant Owner's cross-motion is denied as untimely; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

|  | |
|---|---|
| __7/12/2024__ | _May V Rout JSC_ |
| **DATE** | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161153/2020   ROCHA, IZAIAS vs. SKYLINE RESTORATION, INC.**          **Page 7 of 7**
**Motion No.  001**

7 of 7