Delcid v Park Ave. Christian Church (2024 NY Slip Op 05401)

Delcid v Park Ave. Christian Church

2024 NY Slip Op 05401

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 30463/18 Appeal No. 2951 Case No. 2023-02419 

[*1]Lelis Delcid, Plaintiff-Respondent,
v
Park Avenue Christian Church (Disciples of Christ), et al., Defendants-Appellants.

Malapero Prisco & Klauber LLP, New York (Mark A. Bethmann of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 28, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, so much of the Labor Law § 241(6) claim as based on an alleged violation of Industrial Code § 23-1.7(a)(1), and the Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
The court properly denied defendants' summary judgment motion as to the Labor Law § 240(1) claim. Plaintiff asserts that he was injured when a piece of construction material, known as WonderBoard, which had been screwed into the lobby wall the day before the accident, fell on him. Any discrepancies among the witnesses' testimony about whether WonderBoard was actually installed on the walls in the lobby merely raise issues of fact (see Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 191 [1st Dept 2011]). Moreover, defendants' argument that the statute did not cover the WonderBoard because it was a permanent fixture is unavailing. The cases defendants rely upon involved injuries caused by fixtures that were part of the preexisting structure before work began (cf. Narducci v Manhasset Bay Assoc., 96 NY2d 259 [2001]; Garcia v DPA Wallace Ave. I, LLC, 101 AD3d 415 [1st Dept 2012]).
We decline to search the record to award plaintiff partial summary judgment on his Labor Law § 240(1) claim.
The court properly declined to dismiss the Labor Law § 241(6) claim insofar as premised on Industrial Code § 23-1.7(a)(1). There are triable issues as to whether the lobby where plaintiff was struck was "normally exposed to falling material or objects" (see e.g. Garcia v SMJ 210 W. 18 LLC, 178 AD3d 473 [1st Dept 2019]).
The court also properly found a triable issue of fact on the Labor Law § 200 and common-law negligence claims. The accident here was caused by "the manner in which the work was performed" (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). "To prevail on such a claim against an owner or general contractor, a plaintiff must prove that the party so charged exercised direct supervisory control over the manner in which the activity alleged to have caused the injury was performed" (Burkoski v Structure Tone, Inc., 40 AD3d 378, 380-381 [1st Dept 2007]). Defendants' assertion that the record demonstrates that they did not exercise control over the work is conclusory and fails to establish their prima facie burden that they lacked control over the activity that caused the injury (see Sotarriba v 346 W. 17th St. LLC, 179 AD3d 599 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024