Fields v Junius-Liberty Dev. LLC (2026 NY Slip Op 01401)

Fields v Junius-Liberty Dev. LLC

2026 NY Slip Op 01401

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 808496/22|Appeal No. 6066|Case No. 2025-02246|

[*1]Randy Fields, Plaintiff-Respondent,
vJunius-Liberty Development LLC, Defendant-Appellant.

Gallo Vitucci Klar LLP, New York (Christopher Laurence Parisi of counsel), for appellant.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Jesse M. Minc of counsel), for respondent.

Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered February 5, 2025, which granted plaintiff's motion for summary judgment on liability on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by showing that defendant failed to supply him with safety devices adequate to protect him from falling (see Begnoja v Hudson Riv. Park Trust, 238 AD3d 481, 481 [1st Dept 2025]). Plaintiff submitted his deposition testimony, in which he stated that as he stood on an unsecured ladder to do repair work at a construction site, the ladder gave way and he fell to the ground. This testimony is sufficient to establish liability, as plaintiff was not required to show that the ladder was defective to establish entitlement to summary judgment on a section 240 claim (see Daniello v J.T. Magen & Co. Inc., 239 AD3d 516, 517 [1st Dept 2025]; Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537, 538 [1st Dept 2020]).
Defendant failed to raise a triable issue of fact in opposition, as the evidence it submitted does not establish that plaintiff was engaged in "mere routine maintenance" at the time of his accident (Rivas v Panama Leasing, LLC, 238 AD3d 549, 549-550 [1st Dept 2025]). The evidence establishes that plaintiff's work repairing the ceiling leak involved cutting a hole in the ceiling with a sheet-rock knife and an electric saw, and a piece of pipe insulation. Thus, he was entitled to the protections of the Labor Law. Furthermore, defendant failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Even assuming that plaintiff did not ask his coworker to hold the ladder while he worked, a coworker is not a safety device contemplated by Labor Law § 240(1) (Rodriguez, 181 AD3d at 538).
The uncertified emergency room records that defendant submitted on its opposition do not compel a different result. Even if, as defendant argues, the records establish that plaintiff caused the ladder to shake after he touched a hot pipe, defendant failed to show that the ladder was an adequate safety device for plaintiff's task (see Daniello, 239 AD3d at 517). In any event, even assuming that plaintiff negligently touched the pipe, comparative negligence is not a defense to a Labor Law § 240(1) claim (see Hill v Acies Group, LLC, 122 AD3d 428, 429 [1st Dept 2014]).
Defendant's arguments concerning the Labor Law § 241(6) claim are academic because Supreme Court properly granted plaintiff's motion for partial summary
judgment on the Labor Law § 240(1) claim (see Rodriguez, 181 AD3d at 538). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026