De Souza v El Sol Contr. & Constr. Corp.
2026 NY Slip Op 03064
May 14, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ronald G. De Souza, Plaintiff-Respondent,
v
El Sol Contracting and Construction Corporation, et al., Defendants-Appellants.

Decided and Entered: May 14, 2026
Index No. 151863/21|Appeal No. 6618|Case No. 2025-04667|
Before: Webber, J.P., González, Pitt-Burke, Higgitt, Hagler, JJ.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellants.
Washor, Kool, Sosa, Majorana & Schwartz, LLP, New York, (Ephrem J. Wertenteil of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about June 11, 2025, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by submitting evidence, including deposition testimony, photographs, and an investigative incident report, that indicated he was injured when the 12-foot long, upper half of a dismantled extension ladder which lacked stabilizing feet slid out from under him and collapsed while he was engaged in bridge painting work on an elevated work platform made out of flexible corrugated metal (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568 [1st Dept 2018]; Stankey v Tishman Constr. Corp. of N.Y., 131 AD3d 430, 430 [1st Dept 2015]). Plaintiff testified that prior to his accident, he complained to his employer's foreman and safety director regarding the instability of the ladder segment yet was not provided with another ladder to safely perform his work. The general contractor's project superintendent testified at deposition that plaintiff's ladder was missing stabilizing feet and should have been tied off at its top to keep it stable under the circumstances presented.
In opposition, defendants argued that plaintiff's own actions in using the dismantled extension ladder despite safe ladders being available elsewhere at the work site raised triable issues as to whether plaintiff's own actions were the sole proximate cause of his accident (see Scanlon v South St. Seaport L.P., 246 AD3d 546, 546-547 [1st Dept 2026]). However, the affidavits submitted by defendants did not assert that plaintiff knew he was expected to use a different ladder and that he unreasonably rejected the use of an alternate ladder, thus failing to raise a triable issue of fact (see York v Tappan Zee Constructors, LLC, 224 AD3d 527, 528 [1st Dept 2024]; Daly v Metropolitan Transp. Auth., 206 AD3d 467, 468 [1st Dept 2022]).
Nor did defendants raise an issue of fact as to sole proximate cause based on their witnesses' statements that he ignored repeated instructions not to work on the ladder absent a co-worker present to brace the ladder. Even if true, the allegation at most amounts to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Velasco v Green-Wood Cemetery, 8 AD3d 88, 89 [1st Dept 2004]). In any event, a co-worker supporting an otherwise inadequate ladder does not constitute a safety device within the contemplation of the statute (see Melendez v 1595 Broadway LLC, 214 AD3d 600, 601-602 [1st Dept 2023]; McCarthy v Turner Constr., Inc., 52 AD3d 333, 334 [1st Dept 2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2026