Ochoa v 3475 Third Ave. Hous. Dev. Fund Corp.
2026 NY Slip Op 03737
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Julio Ochoa, Plaintiff-Respondent,
v
3475 Third Avenue Housing Development Fund Corporation, et al., Defendants-Appellants, Da Hai Construction Inc., et al., Defendants.

Decided and Entered: June 11, 2026
Index No. 31545/19|Appeal No. 6882|Case No. 2025-06525|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Tarter Krinsky & Drogin LLP, New York (Brian J. Markowitz of counsel), for appellants.
Salerno & Goldberg, P.C., Deer Park (Allen Goldberg of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Matthew Parker-Raso, J.), entered August 19, 2025, which, to the extent appealed from, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, and denied defendants' cross-motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff, a plumber, alleges that while on his way to retrieve materials stored in a basement, he was descending an extension ladder that was leaned against a wall when the ladder suddenly slid back and fell, causing him to fall to the ground with it.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim through his testimony that the unsecured extension ladder, which was placed by another worker and used by plaintiff and other workers to travel between the first floor and basement garage entrance, slid and collapsed under him while he was on it (see Melendez v 1595 Broadway LLC, 214 AD3d 600, 601 [1st Dept 2023]; Maltese v Port of Auth. of N.Y. & N.J., 199 AD3d 612, 613 [1st Dept 2021]; Stankey v Tishman Constr. Corp. of N.Y., 131 AD3d 430, 430 [1st Dept 2015]).
In opposition, defendants failed to sustain their burden of raising an issue of fact as to whether there was a statutory violation or whether plaintiff's own acts or omissions were the sole proximate cause of the accident (see Plaku v 1622 Van Buren LLC, 198 AD3d 431, 431-432 [1st Dept 2021]). Contrary to defendants' assertions, duties ancillary to enumerated acts, such as plaintiff's retrieval of material for ongoing sprinkler installation work, constitute protected activity under Labor Law § 240(1) (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882 [2003]; see e.g. Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 9 [1st Dept 2011]).
Although the record indicates that plaintiff could have used the main entrance on the first floor to walk out of the building and reenter through the garage entrance to retrieve the materials, there is no evidence that plaintiff was instructed to exclusively use the main entrance, that he was told not to use the ladder shortcut, or that he otherwise knew that he was expected not to use the ladder (see Maltese, 199 AD3d at 613; Demetrio v Clune Constr. Co., L.P., 176 AD3d 621, 622 [1st Dept 2019]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403-404 [1st Dept 2013]). Furthermore, evidence that other workers, including one moments before the accident, used the ladder to access the basement "could have negated the normal and logical inclination" to believe that the ladder was not to be used (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020]). Even assuming that plaintiff was in an area of the work site where he was not supposed to be, his presence there would amount only to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (Plaku, 198 AD3d at 432).
[*2]
Because plaintiff was properly granted summary judgment as to liability on the Labor Law § 240(1) claim, defendants' arguments regarding the Labor Law § 241(6) claim are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026