Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about June 12, 2013, which, insofar as appealed from as limited by the briefs, granted the cross motion of defendant/second third-party plaintiff Mega Contracting, Inc. (Mega) for summary judgment dismissing plaintiffs Labor Law § 200 and common-law negligence claims as against it, and on its contractual indemnification claim against second third-party defendant Flagge Contracting, Inc. (Flagge), unanimously affirmed, without costs.
Where, as here, a construction accident arises out of the means and methods of plaintiffs work, liability for common-law negligence or under Labor Law § 200 may be imposed against an owner or general contractor if it “actually exercised supervisory control over the injury-producing work” (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). Here, Mega satisfied its burden of establishing that it did not control the work that caused plaintiffs accident. Plaintiff, a mason employed by Flagge, testified that he worked solely under the supervision of his employer’s foreman, did not receive any direction from anyone else and had never even heard of Mega, the construction manager (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]). The construction management agreement between Mega and the owner demonstrated that Mega had, at *509 most, general supervisory authority over plaintiffs work, which is insufficient to form a basis for the imposition of liability (see Foley v Consolidated Edison Co. of N.Y.. Inc., 84 AD3d 476 477 [1st Dept 2011]).
Mega further demonstrated that it was entitled to contractual indemnification from Flagge pursuant to the terms of their trade contract. The subject indemnification provision required Flagge to indemnify Mega for all claims “directly or indirectly arising out of, resulting from or related to the negligent act, omission or breach of contract of [Flagge] ... or any individual . . . directly or indirectly employed by [Flagge].” Contrary to Flagge s contention, the motion court did not make a specific finding absolving it of all negligence in connection with plaintiff s accident. Even if it had, such a finding would have been improper in light of the conflicting accounts provided by plaintiff and his foreman as to the specific instructions given to plaintiff as to how he was to perform his work. However, regardless of which account is ultimately credited by the fact-finder, plaintiffs claim falls within the scope of the subject indemnification provision because the evidence shows that his accident was the result of a negligent act or omission attributable to either Flagge or plaintiff, an “individual . . . directly . . . employed” by Flagge.
We have considered Flagge’s remaining contentions and find them unavailing. Concur — Friedman, J.E, Moskowitz, Freedman, Gische and Clark, JJ.