■ Dave Garcia et al., Appellants, v Church of St. Joseph of the Holy Family of the City of New York, Respondent. [45 NYS3d 66]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 12, 2015, which denied the motion of plaintiff Dave Garcia for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff commenced this action to recover for personal injuries allegedly sustained when he fell from a ladder at defendant church in connection with electrical work he was performing.* The complaint asserted causes of action for common- law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

Plaintiff was employed as an electrician by nonparty Megan Electrical Enterprises, which the church hired to perform certain electrical work. Plaintiff had been working at the church for about 10 days before the day of his accident. On the day of the accident, he was working in the attic of the church.

Plaintiff testified that as he descended from the attic on a wooden ladder, which was permanently affixed to the wall, the ladder shifted. Specifically, plaintiff testified that as he attempted to descend the ladder, he reached for it and placed his right hand and foot on it, but it moved away from him, causing him to fall headfirst to the choir loft, some 12 to 17 feet below. He further testified that he did not have anything in his hands as he was coming down the ladder. According to plaintiff, the ladder was attached to the wall in a jerry-rigged fashion, connected at the top to a joist beam with grey metal wires. The ladder went up the wall of the choir loft/mezzanine to an access point for the attic of the church. The church's pastor testified that he guessed the ladder had been there since the church had been built 150 years ago.

We find that Supreme Court improperly denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim. Plaintiff's testimony that the ladder shifted as he descended, thus causing his fall, established a prima facie violation of Labor Law § 240 (1) (*Hart v Turner Constr. Co.*, 30 AD3d 213, 214 [1st Dept 2006]; *see also Picano v Rockefeller Ctr. N., Inc.*, 68 AD3d 425 [1st Dept 2009]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [1st Dept 2004]). The affidavit submitted by defendant averring that plaintiff had told his employer that he fell when attempting to descend the ladder using one hand as he carried tools or equipment in the

* His wife is suing derivatively, for loss of services.

other and missed a rung with his free hand, failed to refute plaintiff's testimony that the ladder shifted and failed to create triable issues of fact that plaintiff's actions were the sole proximate cause of the accident. Plaintiff also denies making the statement.

Further, we reject defendant's contention that issues of fact exist as to whether plaintiff may be the sole proximate cause of the accident for failing to use the ladder, safety harness and rope provided by his employer. While the vice-president of plaintiff's employer stated in an affidavit that safety harnesses and other safety devices were available to plaintiff, the affidavit was vague as to what other unspecified safety devices were available, to what plaintiff should have attached the harness, or whether there were any available anchorage points (*see Miglionico v Bovis Lend Lease, Inc.*, 47 AD3d 561, 564-565 [1st Dept 2008]). Defendant further fails to explain how a rope that was used to hoist materials to the attic area where plaintiff was working could be used as a safety device, and plaintiff's decision to use the ladder already in place cannot be the sole proximate cause of his accident where he was never instructed not to use it (*see Dwyer v Central Park Studios, Inc.*, 98 AD3d 882, 884 [1st Dept 2012]). Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.