Nolan v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 04293)





Nolan v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 04293


Decided on June 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2018

Richter, J.P., Webber, Kahn, Kern, Oing, JJ.


6852 6851

[*1]Henry Nolan, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, et al., Defendants-Appellants, Silverstein Properties, Inc., Defendant.


Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Christopher Simone of counsel), for appellants.
O'Dwyer & Bernstien, LLP, New York (Steven Aripotch of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 26, 2017, in favor of plaintiff on the issue of liability under Labor Law § 240(1), pursuant to an order, same court and Justice, entered May 22, 2017, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff made a prima facie showing of entitlement to partial summary judgment on the issue of liability on his Labor Law § 240(1) claim with his testimony that the makeshift ladder on which he was descending after detaching a crane cable from the top of an eight-foot C-box slid out from under him (see Panek v County of Albany, 99 NY2d 452, 458 [2003]; Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526 [1st Dept 2014]).
In opposition, defendants failed to raise a triable issue of fact. The affidavit of plaintiff's coworker, who stated that "[he] observed [plaintiff] fall from the ladder after he appeared to have missed' the last step," does not raise a triable issue as to whether plaintiff was the sole proximate cause of the accident, as it does not refute plaintiff's assertion that the ladder slid out from beneath him (see Garcia v Church of St. Joseph of the Holy Family of the City of N.Y., 146 AD3d 524, 525-526 [1st Dept 2017).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 12, 2018
CLERK