Brown v 43-25 Hunter, L.L.C. (2019 NY Slip Op 08919)





Brown v 43-25 Hunter, L.L.C.


2019 NY Slip Op 08919


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10440 23260/15

[*1] Abdul Brown, et al., Plaintiffs-Respondents,
v
43-25 Hunter, L.L.C., et al., Defendants-Appellants.


Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for appellants.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 8, 2018, which granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiffs established prima facie entitlement to partial summary judgment on the section 240(1) and 241(6) claims. Plaintiff Abdul Brown testified that he slipped and fell from a wobbly wet ladder, and his foreman provided an affidavit that was consistent with plaintiff's account of the fall (see e.g. Garcia v Church of St. Joseph of the Holy Family of The City of N.Y., 146 AD3d 524, 525-526 [1st Dept 2017]; Rizzo v Hellman Elec. Corp., 281 AD2d 258, 258-259 [1st Dept 2001]).
In opposition, defendants failed to raise a triable issue of fact as to whether the accident occurred in the manner described by plaintiff. Defendants submitted the expert affidavits of two medical experts and a biomechanical engineer,[FN1] each of which contained only speculative, conclusory statements that plaintiff's injuries were inconsistent with a fall to the concrete ground from a height of approximately 20 feet (see Robinson v NAB Constr. Corp., 210 AD2d 86 [1st Dept 1994]; cf. Aspromonte v Judlau Contr., Inc., 162 AD3d 484 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK



Footnotes

Footnote 1: The affidavit of the biomechanical engineer was rejected by the motion court because the expert was disclosed for the first time in opposition to plaintiff's summary judgment motion. However, CPLR 3212(b) expressly permits the submission of expert affidavits in connection with a summary judgment motion, even where an expert exchange pursuant to CPLR § 3101(d) was not furnished prior to the affidavit's submission. Therefore, this Court considered the biomechanical engineer's affidavit in its review of the appeal.