**Johnson v Tishman Constr. Corp.**

2025 NY Slip Op 32681(U)

August 5, 2025

Supreme Court, New York County

Docket Number: Index No. 152030/2019

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**               PART            **33M**

*Justice*

-------------------------------------------------------------------X

DEREK JOHNSON,

INDEX NO.     152030/2019

Plaintiff,

MOTION DATE    10/21/2024

- v -

MOTION SEQ. NO.    002

TISHMAN CONSTRUCTION CORPORATION, TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for           JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after a final submission date of May 28, 2025, Defendants Tishman Construction Corporation and Tishman Construction Corporation of New York's (collectively "Defendants") motion for summary judgment dismissing Plaintiff Derek Johnson's ("Plaintiff") Complaint is granted in part and denied in part. Plaintiff's cross motion for summary judgment on the issue of liability with respect to his Labor Law §§ 240(1) and 241(6) claims is granted in part and denied in part.

## I.     Background

On July 25, 2018, Plaintiff was employed by Calvin Maintenance, also known as Waldorf Demo, as a laborer at the Waldorf Astoria (the "Premises") (NYSCEF Doc. 41 at 15-16; 18). He was to clear out debris and to demolish walls in one of the kitchens (NYSCEF Doc. 41 at 35; 38). Plaintiff was using an unsecured eight-foot A-frame ladder to take down studs from a column when the ladder shifted, and he fell (NYSCEF Doc. 41 at 40; 45). Defendants served as a "construction manager" responsible for coordinating and supervising various subcontractors' work

(NYSCEF Doc. 53) and contracted Waldorf Demo to carry out demolition at the Premises (NYSCEF Doc. 42 at 23). Defendants move for summary judgment dismissing Plaintiff's Complaint while Plaintiff cross-moves for summary judgment on his Labor Law §§ 240(1) and 241(6) claim.

## II.     Discussion

Plaintiff's cross-motion for summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim is granted. Plaintiff met his prima facie burden of demonstrating a Labor Law § 240(1) violation through his uncontroverted testimony that he fell from an unsecured ladder, placed on top of a floor consisting of ripped up tile and dirt, which suddenly shifted (NYSCEF Doc. 41 at 39-40; 58). When a ladder shifts, slips, or collapses, a Labor Law § 240(1) violation is established (*Castillo v TRM Contracting 626, LLC*, 211 AD3d 430, 430 [1st Dept 2022] citing *Panek v County of Albany*, 99 NY2d 452, 458 [2003]). The burden now shifts to Defendants to demonstrate, through admissible evidence, a triable issue of fact (*Sanchez v Mc 19 East Houston LLC*, 216 AD3d 443, 443 [1st Dept 2023]; *Rom v Eurostruct, Inc.*, 158 AD3d 570, 570 [1st Dept 2018]).

Defendants fail to raise a triable issue of fact (*Garcia v St. Joseph of the Holy Family of City of New York*, 146 AD3d 524, 524-25 [1st Dept 2017]). Defendants fail to establish there was safety equipment available "to secure the ladder or prevent a fall" (*Nunez v SY Prospect LLC*, 226 AD3d 410 [1st Dept 2024]). Further the sole testimony relied upon by Defendants is that of Michael Temperino, who did not witness Plaintiff's fall and did not know from where he received the information used to complete the incident report (NYSCEF Doc. 42 at 61). Moreover, the incident reports authored by Tishman and non-party AMS Safety do not contradict Plaintiff's testimony that the ladder shifted causing Plaintiff to fall (*Rodas-Garcia v NYC United LLC*, 225

[* 2]

AD3d 556 [1st Dept 2024]). The reports state only that Plaintiff fell from the ladder while trying to remove a piece of debris, which buttresses the demonstration of a Labor Law § 240(1) violation (*Pinzon v Royal Charter Properties, Inc.*, 211 AD3d 442, 443 [1st Dept 2022]; *Ciborowski v 228 Thompson Realty, LLC*, 189 AD3d 428 [1st Dept 2020]).

Defendants' argument that Plaintiff was the sole proximate cause of his accident is without merit. It is conceptually impossible for a plaintiff to be the sole proximate cause of his or her accident when the plaintiff establishes a Labor Law § 240(1) violation (*Suazo v 501 Madison-Sutton LLC*, 235 AD3d 513, 513 [1st Dept 2025]; *see also Quiroz v Memorial Hospital for Cancer and Allied Diseases*, 202 AD3d 601, 604 [1st Dept 2022]). Defendants' argument that there is no evidence that the ladder itself was defective is insufficient because a plaintiff is not required to demonstrate that a ladder is defective to establish a Labor Law § 240(1) violation (*see Ping Lin v 100 Wall St. Prop. L.L.C.*, 193 AD3d 650, 651 [1st Dept 2021]), and the lack of any "adequate safety devices to prevent [the] ladder from slipping or to protect [a plaintiff] from falling" is sufficient (*Begnoja v Hudson River Park Trust*, 238 AD3d 481, 482 [1st Dept 2025] quoting *Rivera v 712 Fifth Ave. Owner LP*, 229 AD3d 401, 402 [1st Dept 2024]). Accordingly, Plaintiff is granted summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim (*see also Lizama v 1801 University Associates, LLC*, 100 AD3d 497, 498 [1st Dept 2012]). His motion with respect to the issue of liability on his Labor Law § 241(6) claim, therefore, is denied as academic (*Pimentel v DE Frgt. LLC*, 205 AD3d 591, 593 [1st Dept 2022]).

In view of the foregoing, Defendants' motion for summary judgment dismissing Plaintiff's Labor Law §§ 240(1) and 241(6) claims are denied. However, Defendants' motion for summary judgment dismissing Plaintiff's Labor Law § 200 and common law negligence claims is granted. Defendants only exercised general supervisory authority of the Premises, and did not control the

**152030/2019 JOHNSON, DEREK vs. TISHMAN CONSTRUCTION**
**Motion No. 002**

**Page 3 of 4**

[* 3]                                                    3 of 4

means and methods of Plaintiff's work, which is insufficient to sustain a Labor Law § 200 claim (*Mendriski v New York City Housing Auth.*, 189 AD3d 410, 411 [1st Dept 2020] citing *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306 [1st Dept 2007]). Therefore, the Labor Law § 200 and common law negligence claims asserted against Defendants are dismissed (*see also Suconota v Knickerbocker Properties, LLC*, 116 AD3d 508, 508-09 [1st Dept 2014]).

Accordingly, it is hereby,

ORDERED that Defendants' motion for summary judgment dismissing Plaintiff's Complaint is granted solely to the extent that Plaintiff's Labor Law § 200 and common law negligence claims asserted against Defendants are dismissed, and the remainder of Defendants' motion for summary judgment is denied; and it is further

ORDERED that Plaintiff's motion for summary judgment against Defendants on the issue of liability with respect to his Labor Law § 240(1) claim is granted, and the remainder of his motion, which sought summary judgment on the issue of liability with respect to his Labor Law § 241(6) claim, is denied as academic; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| 8/5/2025 | | May V Rrd JSC |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

152030/2019 JOHNSON, DEREK vs. TISHMAN CONSTRUCTION Page 4 of 4
Motion No. 002

4 of 4