Callan v RCB3 Nominee, LLC (2026 NY Slip Op 00190)

Callan v RCB3 Nominee, LLC

2026 NY Slip Op 00190

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 158801/19|Appeal No. 5631|Case No. 2024-06295|

[*1]Frank Callan, Plaintiff-Respondent,
vRCB3 Nominee, LLC, et al., Defendants-Appellants. RCB3 Nominee, LLC, et al., Third-Party Plaintiffs-Appellants,

Pillinger Miller Tarallo, LLP, New York (Seth A. Frankel of counsel), for appellants.
Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for Frank Callan, respondent.
Law Offices of Shahab Katirachi, New York (Lawrence Getzler of counsel), for J&L Electrical & Communications Group, Inc., Group, respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about August 23, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, denied so much of defendants' motion for summary judgment dismissing that claim, denied defendants/third-party-plaintiffs' motion for summary judgment on their third-party contractual indemnification claim, and granted third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim (see Begnoja v Hudson Riv. Park Trust, 238 AD3d 481, 481 [1st Dept 2025]). Plaintiff testified that the ladder he was working on shifted and caused him to fall. This testimony does not contradict the accident report containing plaintiff's statement that he missed a step on the ladder (cf. Guerrero v 115 Cent. Park W. Corp., 168 AD3d 408, 408 [1st Dept 2019]), and there is no testimony that refutes plaintiff's description of the accident. Defendants' argument that plaintiff was the sole proximate cause of his accident is unavailing (see Garcia v Church of St. Joseph of the Holy Family of City of N.Y., 146 AD3d 524, 526 [1st Dept 2017]).
Supreme Court correctly found that third-party defendant J&L Electrical & Communication Group, Inc.'s contract with nonparty Automated Logic Contracting Services, Inc. did not contemplate indemnity for defendants. The Automated/J&L contract identified the owner as "GID Development, Inc." and not as either of the defendants, Therefore, defendants are not entitled to contractual indemnification from J&L. "If the parties intended to cover [defendants] as . . . potential indemnitee[s], they had only to say so unambiguously" (Nicholson v Sabey Data Ctr. Props., LLC, 160 AD3d 587, 587 [1st Dept 2018]). Nor does the incorporation clause in the Automated/J&L contract bind J&L to the indemnification clauses contained in other contracts executed by the construction manager, defendant Tishman Construction Corporation, and other
nonparty subcontractors retained by Tishman (see Naupari v Murray, 163 AD3d 401, 402 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026